N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ANTONIO SMITH, )
)
    Plaintiff, )
)
v. ) Case No.:_____
) JURY DEMANDED
KNOX COUNTY, TENNESSEE, BRIAN )
BIVINS, CORY DAUER, and BRAD )
SABOL, )
)
    Defendants. )

## COMPLAINT

Comes the Plaintiff, Antonio Smith, by and through counsel, and sues the Defendants Knox County, Tennessee, Brian Bivins, Cory Dauer and Brad Sabol for compensatory and punitive damages in an amount to be proven at trial pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's federal constitutional rights and state law, and for his cause of action claims and alleges as follows:

1. The Plaintiff, Antonio Smith, is a citizen and resident of Knox County, Tennessee. Mr. Smith is presently employed as a correctional officer at the Richard L. Bean Juvenile Detention Center, maintained and operated by Knox County, Tennessee located at 3321 Division Street, Knoxville, Tennessee 37919. Plaintiff is an African American.

2. The Defendant, Knox County, Tennessee is a government entity organized and existing pursuant to the laws of the State of Tennessee. This Defendant owns, maintains, and operates the Richard L. Bean Juvenile Detention Center located at 3321 Division Street, Knoxville, Tennessee 37919. This Defendant may be served through the office of Mayor of Knox County,

Tennessee, 400 Main Street, SW, Suite 615, Knoxville, Tennessee 37902, or, its by and through Law Director at 400 Main Street, SW, Suite 612, Knoxville, Tennessee 37902.

3. The Defendant, Brian Bivins, is the former Superintendent of the Richard L. Bean Juvenile Detention Center owned, maintained and operated by the Defendant, Knox County, Tennessee. He was Superintendent from July 2025 until he resigned on or around November 10, 2025. At all times material herein, Defendant Bivins acted under color of law.

4. The Defendant, Cory Dauer, is currently employed as a Captain at the Richard L. Bean Juvenile Detention Center. He is sued individually. At all times material herein, Defendant Dauer acted under color of law.

5. The Defendant, Brad Sabol, is currently employed as a Sergeant at the Richard L. Bean Juvenile Detention Center. He is sued individually. At all times material herein, Defendant Sabol acted under color of law.

6. This Court has jurisdiction to hear this cause pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331, and 28 U.S.C. § 1367. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

7. Plaintiff, Antonio Smith, is currently employed as a corrections officer at the Richard L. Bean Juvenile Detention Center, and has been so employed since May 2015. Plaintiff currently works the third shift from Sunday through Thursday each week totaling forty (40) hours each week. Plaintiff is directly supervised by Defendant Sabol, and, of course, ultimately is supervised by Defendants Cory Dauer and Brian Bivins.

8. At all times material herein, Plaintiff received only favorable employment evaluations. Likewise, Plaintiff has not been the subject of any work discipline of any kind, and at all times material herein, Plaintiff has either met or exceeded performance expectations. In other

words, no reason legitimately exists or existed to take any action with regard to Plaintiff or Plaintiff's employment at the Juvenile Detention Facility.

9. Defendant Bivins became Superintendent of the Richard L. Bean Juvenile Detention Center in July 2025. He replaced Richard Bean in that position. Mr. Bean officially retired August 1, 2025, but Defendant Bivins had undertaken all duties of the position of Superintendent the previous month. Upon obtaining the position, Defendant Bivins established a hierarchy of administrative supervisors over the Plaintiff to include Defendant Dauer, former Captain Twilla Huett, Peztany Bishop and Defendant Sabol. Huett is no longer employed at the facility. Defendant Bivins resigned, but the other aforementioned officials are still present at the facility.

10. Prior to his promotion to Sergeant by Defendant Bivins, Defendant Sabol was a correction officer actually supervised by Plaintiff although Defendant Sabol and Plaintiff held the same rank and Defendant Sabol technically had "more" years of service. Plaintiff avers Defendant Sabol's "promotion" was not merit based, but solely predicated on Defendant Bivins' arbitrary discretion, and the desire to eliminate Plaintiff from his position.

11. In any event, Plaintiff avers that during Defendant Bivins' tenure as Superintendent, he underwent severe and pervasive harassment and disparate treatment primarily at the hands of Defendants Dauer and Sabol in derogation of his federal constitutional rights secured by the Fifth and Fourteenth Amendments of the United States Constitution. Yet, Plaintiff avers that Defendant Bivins also engaged in severe and pervasive harassment in derogation of Plaintiff's federal constitutional rights including sending several text messages to Plaintiff the weekend prior to his resignation threatening Plaintiff's employment. Plaintiff avers that the harassment and disparate treatment was specifically designed to separate Plaintiff from his employment. Plaintiff also avers

3

that the harassment/disparate treatment by Defendants Sabol and Dauer was implicitly authorized by Defendant Bivins, and, alternatively, Defendant Bivins is supervisory liable to Plaintiff under § 1983 principles in the subject harassment. .

12. Plaintiff avers that the actionable harassment was predicated on race. Plaintiff avers that not only were epithets directed at Plaintiff by the individual Defendants, but Plaintiff also avers that the individual Defendants engaged in a systematic campaign orchestrated to separate Plaintiff from his employment at the Juvenile Center and/or provide the individual Defendants with political cover in the event Defendants decided to terminate Plaintiff's employment. Either way, Plaintiff avers it was the individual Defendants' goal to remove Plaintiff from his position at the Juvenile Center as the individual Defendants had against two (2) other African-American employees of the Juvenile Center. Additionally, Plaintiff avers that the individual Defendants made the following unfounded and baseless allegations:

- Repeated accusations directed at Plaintiff that he was engaged in criminal activity;
- That Plaintiff was not qualified to be employed at the Juvenile Center;
- That Plaintiff was affiliated with an unlawful gang or criminal organization;
- That Plaintiff was actively attempting to recruit children housed at the Juvenile Center into his "gang";
- That Plaintiff actively attempted to recruit children housed at the Juvenile Center into criminal activity;
- That Plaintiff was engaged in a sexual relationship with Captain Twilla Huett;
- That Plaintiff was engaged in the performance of sexual acts with former Captain Huett at the facility and elsewhere;
- That any relationship between former Captain Huett, a Caucasian female, and Plaintiff, an African-American male, was inappropriate and repulsive;
- That Plaintiff had engaged in the unlawful use of force;

4

- That Plaintiff had deprived children at the facility of their state constitutional rights;
- That Plaintiff had repeatedly broken the law in his supervision of the children housed at the Juvenile Detention Center; and
- That Plaintiff had otherwise failed to meet the requirements of his position.

That all of the aforementioned allegations made by each of the Defendants are false, known to the Defendants to be false, and designed specifically to discontinue Plaintiff's employment at the Juvenile Center.

14. Plaintiff avers that at all times material herein he had a clearly-established federal constitutional right secured by the Fourteenth Amendment not to be subjected to actionable harassment on account of his race. Likewise, Plaintiff had a clearly-established federal constitutional right to be free from arbitrary and capricious conduct concerning his employment. Plaintiff avers that the Defendants' actions and omissions, individually and collectively, violated his clearly-established federal constitutional right to be free from harassment and/or arbitrary and capricious conduct under both the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment.

15. Plaintiff avers that Defendant Bivins is directly liable to him for the aforementioned actions for the violation of his federal constitutional rights pursuant to 42 U.S.C. § 1983. Yet, Defendant Bivins is likewise liable to Plaintiff pursuant to supervisory principles established under 42 U.S.C. § 1983. At all times herein, Defendant Bivins acted under color of law. Defendant Bivins either directed the harassment as well as the arbitrary and capricious conduct of those under his supervision such as Defendants Dauer and Sabol, setting in motion, or was deliberate and indifferent to the conduct. Plaintiff avers that Defendant Bivins' acts and omissions constitute more than negligence, but constitutes active unconstitutional behavior.

16. Plaintiff avers that Defendant Dauer is directly liable to him for the aforementioned actions for the violation of his federal constitutional rights pursuant to 42 U.S.C. § 1983. Yet, Defendant Dauer is likewise liable to Plaintiff pursuant to supervisory principles established under 42 U.S.C. § 1983. At all times herein, Defendant Dauer acted under color of law. Defendant Dauer either directed the harassment as well as the arbitrary and capricious conduct of those under his supervision such as Defendants Dauer and Sabol, setting in motion, or was deliberate and indifferent to the conduct. Plaintiff avers that Defendant Dauer's acts and omissions constitute more than negligence, but constitutes active unconstitutional behavior.

17. Plaintiff avers that Defendant Knox County, Tennessee is liable under 42 U.S.C. § 1983. At all times relevant, Defendant Knox County, Tennessee employed all Defendants. Plaintiff avers that at all times, Defendant Knox County actively caused the violation of his federal constitutional rights as Defendant Bivins was the final policy maker over all employment decisions at the Juvenile Detention Facility and therefore, the County is liable for any act or omission of Defendant Bivins which violated Plaintiff's federal constitutional rights. Additionally, all acts undertaken by the individual Defendants against the Plaintiff were accomplished either through the express policies and procedures of the County or would acknowledge customs of the County which was the moving force behind the violation of Plaintiff's federal constitutional right to be free from harassment, and/or arbitrary and capricious conduct. Moreover, Defendant Knox County, Tennessee was deliberately indifferent to the training of the individual Defendants and others and such indifference was the moving force behind the violation of Plaintiff's federal constitutional rights to be free from harassment and/or arbitrary and capricious conduct relative to his employment. Plaintiff attempted on at least three (3) occasions to bring individual Defendants'

conduct to the attention of the County through its Human Resources Department, and Plaintiff's legitimate concerns were either not addressed or ignored.

18. The Plaintiff avers that the aforementioned conduct by the Defendants constitutes a violation of the Tennessee Human Rights Act codified at T.C.A. § 4-21-101, *et seq.* for which the Defendant Knox County, Tennessee is liable for compensatory damages.

WHEREFORE, Plaintiff Antonio Smith demands judgment against Defendants Brian Bivins, Cory Dauer and Brad Sabol, and Knox County, Tennessee for compensatory damages in an amount to be proven at trial, attorney fees and costs, pursuant to 42 U.S.C. § 1988 and further demands a jury to try this cause. Additionally, Plaintiff, Antonio Smith, be awarded punitive damages from individual Defendants Brian Bivins, Cory Dauer and Brad Sabol.

Respectfully submitted this 8th day of December, 2025.

**LAW OFFICE OF ARTHUR F. KNIGHT, III**

*/s/Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
3248 Tazewell Pike, Suite 103
Knoxville, Tennessee 37918
Phone: 865-252-0430
art@artknightlaw.com

*Attorney for Plaintiff*